# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1238V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *

SHIRLEY DEW,            *         Special Master Oler

                           *

                           *         Filed: July 17, 2018

              Petitioner,      *

      v.                        *         Petitioner's Motion for a Decision;
                           *         Dismissal of Petition; Vaccine

SECRETARY OF HEALTH      *         Act; Denial Without Hearing.
AND HUMAN SERVICES,      *

                           *

             Respondent.     *

* * * * * * * * * * * * * * * * * * * * * * * * *

*Mark Theodore Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.

*Linda Sara Renzi*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On September 30, 2016, Shirley Dew filed a petition seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered vestibular neuronitis as a result of her influenza vaccination administered on October 2, 2013.[3] Petition, ECF No. 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] This case was initially assigned to now-retired Special Master Hastings (ECF No. 3), reassigned to Special Master Corcoran on October 4, 2017 (ECF No. 23), and reassigned to my docket on December 1, 2017 (ECF No. 27).

After filing medical records between the filing of her Petition and early November 2017, Petitioner filed her Statement of Completion on November 1, 2017. ECF No. 25. Thereafter, Respondent filed a Rule 4(c) Report on December 18, 2017, contesting Petitioner's right to damages, and suggesting that vaccine compensation be denied. ECF No. 28.

Petitioner was given deadlines to file her expert report, and on July 13, 2018, Petitioner filed the present motion for a decision to dismiss her non-table claim, indicating that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her" and that she was "advised that such judgment will end all of her rights in the Vaccine Program." *See* Petitioner's Motion to Dismiss, ECF No. 32.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master